UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | No. 3:09-00240 |
| ) | JUDGE TRAUGER |
| ) | |
| AKIN FLOYD ) | |

**DEFENDANT'S MOTION FOR IMPOSITION OF A REDUCED SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP ACT**

Under Section 404 of the First Step Act, Akin Floyd, who is serving a 234-month sentence for a crack-cocaine conviction, respectfully moves the Court for the imposition of a reduced sentence.

**Statement of Facts**

In September 2009, Akin Floyd was charged in a single-count indictment in Case No. 3:09-239, charging him with possessing marijuana with the intent to distribute it in a school zone in violation of 21 U.S.C. § 841(a)(1) and 860. (3:09-239, Indictment, R.1, PageID # 16.) Since the government eventually filed a notice of two prior drug felonies, this charge subjected Floyd to a statutory mandatory minimum sentence of life. (3:09-239, Information, R.46, PageID # 58.) *See* 21 U.S.C. § 841(b)(1)(A) (2009). In April 2010, Floyd was also added as the thirteenth defendant in Case No. 3:09-240. Notably, in Count 8 of the Sixth Superseding Indictment in that case, Floyd was charged with a conspiracy to distribute "five grams or more of . . . crack cocaine." (3:09-240, Sixth Superseding Indictment, R.295, PageID # 957.) That indictment also charged Floyd with a conspiracy to commit a Hobbs Act robbery and with violating 18 U.S.C. § 924(c) by brandishing a firearm in furtherance of that conspiracy. (Presentence Report (PSR) at 10.)

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 (the "FSA"). 124 Stat. 2372. It did so because the Sentencing Commission and others had long concluded that the 1986 Anti-Drug Abuse Act's penalty scheme for crack-cocaine offenses was far too harsh and had a disparate impact on African-American defendants. *See Dorsey v. United States*, 567 U.S. 260, 268-69 (2012). Its remedy was to increase the threshold quantity of cocaine that would trigger harsher statutory penalties. *See Id.* at 269. The harshest penalties, which were set forth in Subsection A, would be triggered by 280 grams of crack, instead of 50 grams. *Compare* 21 U.S.C. § 841(b)(1)(A)(iii) (2009) *with* 21 U.S.C. § 841(b)(1)(A)(iii) (2018). And the enhanced penalties set forth in Subsection B would be triggered by 28 grams of crack instead of 5 grams. *Compare* 21 U.S.C. § 841(b)(1)(B)(iii) (2009) *with* 21 U.S.C. § 841(b)(1)(B)(iii) (2018).

The U.S. Department of Justice immediately took the position that the FSA applied only to defendants who committed the crime after the FSA's enactment. (Holder Memorandum dated August 5, 2010, avail. at https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/fair-sentencing-act-memo.pdf.) Early guidance from the Sixth Circuit concurred with the DOJ's view. *United States v. Carradine,* 621 F.3d 575 (6th Cir. 2010);

In March 2011, Floyd pled guilty under a single plea agreement to the four counts described above, including the crack offense involving five or more grams. (PSR at 15.) Under the terms of the plea agreement, Floyd would receive a total sentence of 20 years. (3:09-cr-239; Sent. Tr., R.105, PageID # 201; *see* 3:09-cr-240, Def.'s Sentencing Position Paper, R.2646, PageID # 13678.)

In anticipation of sentencing, a presentence report was prepared. As for Floyd's conviction for Count 8—which was for conspiring to distribute five grams or more of crack cocaine—the presentence report stated that the statutory penalty range was "10 years to life

2

imprisonment." (PSR at 32.) That statement seemingly assumed that the FSA would not apply to Floyd. That seems clear because, under the FSA, to trigger a statutory penalty of 10 years to life, Floyd would have to have been convicted of at least 28 grams of crack. 21 U.S.C. § 841(b)(1)(B)(iii) (2011). Under the FSA, Floyd's conviction for five grams or more of crack carried a statutory sentencing range of 0 to 30 years (in light of the § 851 notice). 21 U.S.C. § 841(b)(1)(C) (2011).[1]

In June 2012, the Supreme Court issued *Dorsey v. United States*, 567 U.S. 260 (2012), which held, contrary to the position taken by the DOJ, that the FSA applied immediately to any defendant not yet sentenced for a crack offense, even if it was committed before the FSA was enacted.

Evidently no one noticed that *Dorsey* entailed that Floyd's statutory sentencing range for the crack offense should be 0-30 years, rather than 10 years to life, and so the Court sentenced Floyd for his crack offense under the pre-FSA sentencing scheme. (PSR at 32 (Second Revision Date Aug. 16, 2016; 3:09-239, Court, Sent. Hr'g Tr., R.105, PageID # 200 (implicitly adopting the PSR).) The Court imposed a sentence of 234 months for the crack offense, running concurrently with the marijuana and conspiracy-to-rob convictions. (3:09-240, Judgment, R.2976, PageID # 15824.)

## Argument

### I. Floyd is eligible for a reduced sentence under Section 404.

As mentioned, in 2010, Congress enacted the FSA, thereby increasing the threshold quantity of crack cocaine that would trigger harsher statutory penalties. *See Id.* at 269. The

---

[1] Although not controlling of the legal analysis, Floyd objected to the presentence report insofar as it decided he was responsible, under relevant conduct principles, for 48 grams of crack. (PSR at 17 n.2; *see also* 3:09-240, Def.'s Sentencing Position Paper, R.2646, PageID # 13678.)

3

harshest penalties, which were set forth in Subsection A, would be triggered by 280 grams of crack, instead of 50 grams. *Compare* 21 U.S.C. § 841(b)(1)(A)(iii) (2009) *with* 21 U.S.C. § 841(b)(1)(A)(iii) (2018). And the enhanced penalties set forth in Subsection B would be triggered by 28 grams of crack instead of 5 grams. *Compare* 21 U.S.C. § 841(b)(1)(B)(iii) (2009) *with* 21 U.S.C. § 841(b)(1)(B)(iii) (2018).

The FSA went into effect immediately (August 3, 2010), and, partly in order to more thoroughly put an end to the "disproportionate status quo," the Supreme Court held that the new penalty structure would apply to any defendant sentenced after August 3, 2010, even if the offense was committed prior to that date. *Dorsey*, 567 U.S. at 278. Still, this remedy to the disproportionate status quo fell far short since it left intact many unjust sentences that were previously imposed under the pre-FSA penalty structure. The First Step Act of 2018 has now created a freestanding remedy[2]—in Section 404—to retroactively reduce unjust sentences of this type. Basically, it aims to let courts reduce the sentence of any prisoner convicted and sentenced for a crack-cocaine offense without the benefit of the FSA. Section 404 establishes this remedy in two steps, and it clearly applies to Floyd at each step.

First, the Act defines what type of offense may trigger its remedy:

> Definition of Covered Offense: In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.

---

[2] Arguably, this freestanding remedy takes effect through 18 U.S.C. § 3582(c)(1)(B), but, even if it does, that makes no difference. Section 404 defines its own procedures and standards for relief, while § 3582(c)(1)(B) merely states the obvious: that a court can impose a reduced sentence whenever doing so is "expressly permitted by statute," such by as the First Step Act. 18 U.S.C. § 3582(c)(1)(B).

4

First Step Act, Title IV, Sec. 404(a). Floyd's crack-cocaine conviction is a "covered offense." That is clearly so because Section 2 of the FSA "modified" the "statutory penalties" under § 841(b) for any "violation" of 21 U.S.C. § 841 that involved crack cocaine, which was in fact a crime for which Floyd was convicted. Finally, Floyd "committed that crime before August 3, 2010." First Step Act, Title IV, Sec. 404(a).

Second, the Act provides the circumstances under which a district court can reduce the sentence for a defendant who was previously sentenced for a "covered offense":

> Defendants Previously Sentenced: A court that imposed a sentence for a covered offense may, on motion of the defendant . . . , impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

*Id.*, Sec. 404(b). This provision plainly applies to Floyd because this Court previously "imposed a sentence [on him] for a covered offense," and he is now moving the Court to "impose a reduced sentence." *Id.* Thus, this Court can now "impose a reduced sentence" on Floyd "as if" the FSA were in effect. *Id.*

The only limitations on this resentencing power are aimed at preventing a defendant from getting redundant reductions due to the FSA or from filing multiple motions under Section 404. (*Id.*, Sec. 404(c).) Neither of these limitations apply to Floyd. His has not received the benefit of the FSA; nor has he previously filed a Section 404 motion.

Because Floyd satisfies all of the foregoing requirements, the Court has the authority to "impose a reduced sentence." First Step Act, Title IV, Sec. 404(b).

## II. The Court should impose a reduced sentence on the crack count and the other counts for which he received a concurrent sentence.

The only guidance Congress has given regarding the authorized extent of Section 404 relief is to say that the district court may "impose a reduced sentence as if" the FSA's reduced

5

crack-cocaine penalties "were in effect at the time the covered offense was committed." First Step Act, Title IV, Sec. 404(b).

If the FSA had been in effect at the time Floyd committed his crack offense, his statutory sentencing range would have been 0 to 30 years, rather than 10 years to life.

It bears noting that, under the Guidelines, the Court grouped three of Floyd's crimes—namely, the marijuana/school-zone offense, the crack-cocaine offense, and the conspiracy-to-rob offense—to determine a single advisory guidelines range for that group. (PSR at 21-22.) *See* United States v. 5G1.2. Because the Court imposed concurrent sentences on each offense in that group in light of that single range, it should, when deciding whether to reduce Floyd's crack sentence, consider reducing the 234-month sentence imposed on all counts in that group. It should now determine what total punishment is warranted for those grouped offenses.

Floyd respectfully asks that the Court set a resentencing hearing where he and witnesses can address the Court. The First Step Act indicates that this Court must engage in "a complete review of the motion on the merits." First Step Act, Title IV, Sec. 404(c). And when a statute places no restrictions on the factors a court may consider in imposing a reduced sentence, the court may consider all relevant § 3553(a) factors. *See, e.g., Pepper*, 131 S Ct. at 1243, 1249. Therefore, Floyd respectfully requests a hearing so the Court can fully consider all factors relevant to an exercise of discretion.

## Conclusion

Section 404 grants the district courts broad discretion to reduce sentences imposed under the excessively-harsh penalty structure that Congress has now renounced. Akin Floyd respectfully asks that the Court find him eligible for a reduction and that it set a hearing to determine what reduction to grant.

6

Respectfully submitted,

/s/ Michael C. Holley
MICHAEL C. HOLLEY (BPR #021885)
Assistant Federal Public Defender
810 Broadway, Suite 200
Nashville, TN 37203
615-736-5047
*Attorney for Akin Floyd*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2019, I electronically filed the foregoing *Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act* with the U.S. District Court Clerk by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: Sunny A.M. Koshy, Assistant United States Attorney, 110 Ninth Avenue South, Suite A961, Nashville, TN 37203.

/s/ Michael C. Holley
MICHAEL C. HOLLEY